ORIGINAL

KOO"S 3_03_06 Final.wpd

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: 671-472-7332
Fax: 671-472-7215

Paul Ortiz
Senior Attorney
Office of General Counsel
National Oceanic and Atmospheric Administration
501 West Ocean Blvd.
Suite 4470
Long Beach, California 90802
Tel: 562 980 4069

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
OCT - 4 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>KOO'S 108,<br><br>    Defendant. | CIVIL CASE NO. 06-00029<br><br>**COMPLAINT FOR FORFEITURE;<br>AFFIDAVIT OF MIKEL W.<br>SCHWAB; <u>IN REM WARRANT<br>OF ARREST</u>** |

The United States of America, by and through its attorney, Mikel W. Schwab, Assistant U.S. Attorney for the Districts of Guam and NMI, alleges and states:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h), Federal Rules of Civil Procedure, for condemnation and forfeiture of the

1

Defendant Vessel, **KOO'S 108** (hereafter the "Vessel"), including her fishing gear, furniture, appurtenances, stores, cargo, electronic and documentary records, and catch of fish, for violation of provisions of the Magnuson Fishery Conservation and Management Act (MFCMA); specifically, 16 U.S.C. §§ 1824(a), 1857(1)(A), and 1857(2)(B), and the pertinent implementing regulations 50 C.F.R. § 600.505 (a)(7), 600.501 and others.

2. This Court has jurisdiction of this action pursuant to 16 U.S.C. §§ 1860(b) and 1861(d), 28 U.S.C. §§ 1333, 1345, and 1355.

3. The defendant Vessel, a Republic of the Marshall Islands ("RMI") flagged purse seine fishing vessel, is a 72.37 meters long, four deck vessel having a gross weight of 1,100 tons, and listed in vessel registration documentation as being owned by the KOO'S FISHING COMPANY ("KFC"), a RMI based company. The Vessel's RMI registry number is 60006, and the Vessel operates out of the RMI.

4. The United States considers that the EEZ is that area adjacent to the United States which, except where modified to accommodate international boundaries, encompasses all waters from the seaward boundary of each of the coastal states to a line on which each point is 200 nautical miles from the baseline from which the territorial sea of the United States is measured. The United States exercises exclusive jurisdiction under the provisions of 16 U.S.C. §§ 1811 and 1812, and over which this Court has exclusive jurisdiction pursuant to 16 U.S.C. §§ 1861(d) and 1860(b).

5. For the Vessel to be in compliance with the MFCMA while fishing within the EEZ, it must have on board a valid Pacific Insular Area Fishery Agreement permit authorizing such fishing issued by the United States Secretary of Commerce under 16 U.S.C. § 1824.

6. On January 1, 2004, the defendant Vessel deployed two fish aggregating devices ("FAD") within the United States EEZ surrounding Howland and Baker Islands, which constituted fishing within the meaning of 16 U.S.C. § 1802(15) and 50 C.F.R. § 600.10. Further, on January 2, 2004, the defendant Vessel deployed four additional FADs within the United States EEZ surrounding Howland and Baker Islands. The United States exercises exclusive fishery management authority over the EEZ surrounding Howland and Baker Islands.

7. The defendant Vessel on or about said date was fishing within the EEZ without a valid, applicable permit issued by the United States in violation of 16 U.S.C. §§ 1821, 1824(a), 1857(2), and 50 C.F.R. § 611.3(a).

8. The defendant Vessel, including its fishing gear, furniture, appurtenances, stores, cargo, electronic and documentary records, and catch of fish will be seized by duly appointed agents of the United States Department of Commerce National Marine Fisheries Service and the United States Coast Guard upon entry into our jurisdiction. *The vessel will be in the jurisdiction of this District of Guam.* /M/

9. By reason of its use in the commission of acts prohibited by 16 U.S.C. § 1857 and pertinent regulations thereunder, and under the provisions of 16 U.S.C. § 1860(a), the defendant Vessel, including its fishing gear, furniture, appurtenances, stores, cargo, electronic and documentary records (including plotters, fax machines and other devices), and catch of fish is subject to forfeiture to the United States.

**WHEREFORE,** Plaintiff prays that a Warrant for the Arrest of the defendant Vessel, including its fishing gear, furniture, appurtenances, stores, cargo, electronic and documentary records and catch of fish issue; and that all interested persons be duly cited to answer the premises; and Plaintiff demands judgment condemning and forfeiting the defendant Vessel, including its fishing gear, furniture, appurtenances, stores, cargo,

electronic and documentary records (including plotters, fax machines and other devices), and catch of fish, to the United States and for civil fines as specified by law; and for such other and further relief as may be found appropriate.

RESPECTFULLY submitted this 2nd day of ~~September~~ October, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney